STATE v. BEACON SUPPLY COMPANY.

(Filed 30 September, 1914.)

**Cities and Towns—Health—Ordinance—Statutes—Interpretation—Presumptions.**

In construing an ordinance or statute relating to public health it will be assumed that the lawmaking power intended to remedy an evil and not to restrict unnecessarily the use of property or the engaging ·in any lawful business, and ordinances of this character should be strictly construed to that end, giving effect, if possible, to every word and phrase. Hence, an ordinance reading, "No person shall keep hides, guano, etc.. . . . to the annoyance of any citizen or the detriment of the public health within 400 feet of the dwelling-house of any citizen of the city," does not make the mere keeping of the commodities named within the distance specified a violation thereof, unless it is shown that the act complained of was to the "annoyance" of a citizen "or a detriment to the public health."

APPEAL by defendants from *Connor, J.,* at May Term, 1914, of VANCE.

The defendants were prosecuted in the recorder's court of Vance County on a warrant charging the violation of a town ordinance, and from a judgment rendered on an appeal to the Superior Court appealed to this Court.

The ordinance declares, in part, that "No person shall keep hides, dried or green, filthy rags, bones, or guano, or anything else that may be adjudged a nuisance, to the annoyance of any citizen or the detriment of the public health, within 400 feet of the dwelling-house of any citizen of the city."

On the evidence, the court ruled and charged the jury that, it being proved and admitted that the ordinance in question had been enacted by the city council, and that after its enactment defendants kept commercial fertilizers in the city within 400 feet of the residence of a citizen, they should find the defendants guilty, and that the statement in the ordinance of "annoyance of a citizen and detriment to the public health" had no application to this case, and defendant excepted.

*Attorney-General T. W. Bickett and Assistant Attorney-General T. H. Calvert, and J. C. Kittrell for the State.*
*T. T. Hicks and T. M. Pittman for defendants.*

ALLEN, J.    In the construction of ordinances and statutes effect must be given, if possible, to every word and phrase (38 Cyc., 1128); it must be assumed that the lawmaking power intended to remedy an evil, and not to restrict unnecessarily the use of property or the engaging in any lawful business; and statutes and ordinances restricting the use of prop-

erty are strictly construed, and an intent to impose burdens on the citizens further than the general welfare demands will never be presumed. *Nance v. R. R.,* 149 N. C., 375.

"All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health, or comfort of the public; but a limitation which is unnecessary and unreasonable cannot be enforced." *S. v. Whitlock,* 149 N. C., 543.

Applying these principles to the ordinance before us, we are of opinion that his Honor was in error in holding that the defendants are guilty if they kept guano in Henderson within 400 feet of a dwelling or business house, although it annoyed no citizen and was not detrimental to health, and that the words "to annoyance of any citizen or the detriment of the public.health" have no application in this case.

The language quoted is not ambiguous, and it must be presumed that it was intended for it to have some legal effect.

If referred to the clause immediately preceding, "or anything else that may be adjudged a nuisance," it is meaningless, because anything sufficiently harmful to be adjudged a nuisance necessarily implies that it is an annoyance to at least one citizen or is injurious to health; and if it should be held that it does not refer to hides, guano, and bones, an arbitrary restriction is imposed upon the use and ownership of a well recognized and.useful article of trade and commerce.

This construction would convict the aldermen of Henderson of enacting an ordinance regulating the use of property when unnecessary to promote the comfort or health of the citizens and of placing a burden upon its use and ownership, a conclusion which would render the ordinance invalid, and which ought not to be adopted unless the language imperatively demands it.

It seems to us that the natural and reasonable construction is that the sentence, "to the annoyance of any citizen or the detriment of public health," qualifies the verb "keep," and that it is the keeping to the annoyance of the citizens, etc., of hides, bones, and guano, or anything else that may be adjudged a nuisance that is condemned.

The validity of that part of the ordinance referring to anything else that may be adjudged a nuisance is not before us.

A new trial is ordered for the error pointed out.

New trial.